UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION
CASE NO.: 4:20-cv-10102-JLK

ALFREDO MORALES MOLINA,

    Petitioner,

vs.

ASHLEY MOODY, ATTORNEY GENERAL
OF THE STATE OF FLORIDA,

    Respondent.

_____/

## ORDER DENYING PETITIONER'S OBJECTIONS AND AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon Magistrate Judge Becerra's Report and Recommendation (the "R&R") (DE 12), entered March 25, 2022. The R&R recommends denying the Petition for Writ of Habeas Corpus (DE 1). On April 6, 2022, Petitioner filed Objections (DE 15) (the "Objections"). Upon careful consideration of the pleadings and the record, the Objections are denied.

On September 13, 2016, Petitioner was charged by Information for (1) molesting, taking or trapping spiny lobster in sanctuary, and (2) fleeing or attempting to elude a law enforcement officer by vessel. DE 4 at 17. At trial, while Petitioner's counsel was cross-examining a State witness, the witness testified that he had a previous "encounter with [Petitioner] and [had] written him in 2011." *Id.* at 172–73. Following this testimony, the parties had a sidebar. *Id.* The witness confirmed that he was instructed, by the prosecutor, not to testify to prior contact with the Petitioner. *Id.* The State court granted the Petitioner's Motion for a Mistrial, finding that the State Witness volunteered the information. *Id.* at 174–76.

On November 13, 2018, Petitioner filed a Motion to Dismiss Based on Double Jeopardy, which the State court denied. *Id.* at 74. On November 14, 2018, a second trial was held in State court. Petitioner was convicted of Count 2 in violation of Fla. Stat. § 843.18; he was sentenced to ten (10) days incarceration, three (3) years of probation with a special condition that he may not enter Monroe County waters. The case was affirmed by the State appellate court. DE 1 at 2.

On August 30, 2020, Molina filed a Petition under 28 USC § 2254 for Writ of Habeas Corpus by a Person in State Custody. DE 1. As grounds for the Petition, Molina states that "[t]he trial court erred in denying the Defendant's motion to dismiss on Double Jeopardy grounds after the Defendant was forced to request a mistrial in the first trial as a result of intentional misconduct committed by a seasoned law enforcement officer during his testimony on cross-examination of the State's case-in-chief. . . ." *Id.* at 2. This matter was referred to Magistrate Judge Becerra for a Report and Recommendation. DE 5. On March 4, 2022, Petitioner filed a Status Report, informing the Court that on April 12, 2022 in State court, there is a State court hearing to remand Defendant into custody to serve his sentence. DE 11 at ¶ 10.

Under § 2254(d), a federal court may grant habeas relief from a State court judgment only if the State court's decision on the merits of the issue was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

The R&R recommends denying the Petition (DE 1). The R&R finds that "Petitioner is not entitled to relief here because the State courts' rulings were neither 'contrary to' nor an 'unreasonable application of' *Kennedy*, nor an 'unreasonable determination of facts.'" R&R at 13, citing *Oregon v. Kennedy*, 456 U.S. 667 (1982); 28 U.S.C. § 2254(d).

In his Objections, Petitioner alleges the Magistrate made two incorrect findings. Specifically, (1) "giving greater weight. . . .to the testimony of the Marine Patrol Officer and no weight whatsoever to the testimony of the movant and his brother each of whom testified during the original trial" and (2) "[f]urther, it is patently unfair for the Magistrate Judge to place the onus upon the Movant in this regard when such clarity can be achieved under Rule 8 evidentiary hearing was denied." Obj. at 13.

The Court has carefully considered the entirety of the Objections, the record, and the R&R. The State court ruling was not "contrary to" or "an unreasonable application of clearly established law," nor was the decision "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

Upon due consideration, the Court finds that Magistrate Judge Becerra's well-reasoned R&R accurately states the law of the case.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that

1. Magistrate Judge Jacqueline Becerra's Report and Recommendation **(DE 12)** be, and the same is, hereby **AFFIRMED and ADOPTED** as an Order of this Court;
2. Petitioner's Writ **(DE 1)** be, and the same is, hereby **DENIED**;
3. No certificate of appealability shall issue;
4. Petitioner's Expediated Motion for Order Directing Circuit Court to Stay All Proceedings Pending US District Court Review **(DE 16)** is **DENIED as moot**; and
5. The Clerk **SHALL CLOSE** the case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida dated this __11__ day of April, 2022.

> _____
> HONORABLE JAMES LAWRENCE KING
> UNITED STATES DISTRICT JUDGE

cc: **All Counsel of Record**
**Magistrate Judge Jacqueline Becerra**